GEORGE R. LORD, EXECUTOR, PROSECUTOR, v. WILLIAM GIFFORD ET AL.

Argued June 11, 1901—Decided November 11, 1901.

1. The return of a public road by surveyors of the highways is not rendered invalid because the surveyors met and made their return, pursuant to their appointment, on a legal holiday, made such by the statute approved April 15th, 1895. *Gen. Stat., p.* 1941.
2. The term "street," referred to in the return as the place of beginning or ending of such a road, imports the meaning of public highway.

On *certiorari.*

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *Wesley B. Stout* and *R. Ten Broeck Stout.*

For the defendant, *Samuel A. Patterson.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up from the Monmouth Pleas the proceedings and return of surveyors of the highways, laying out a public road in the township of Neptune, in the county of Monmouth. One of the reasons urged for setting aside the return is because the surveyors held their meeting and signed their return, pursuant to appointment by the court, on the 22d day of February, 1900, which, by statute, is made a legal holiday. While this fact appears from the record, we

do not think the proceedings are thereby rendered invalid. The statute on the subject of legal holidays (*Gen. Stat., p.* 1941, ¶ 6) enacts that the days and half days therein named "shall, for all purposes whatever as regards the presentment ·for payment or acceptance and protest, when dishonored, of bills of exchange, bank checks and promissory notes, be treated and considered as the first day of the week, commonly called Sunday, and as public holidays or half holidays." It further enacts that they shall also be so considered "for all purposes whatever as regards the transaction of business in the public offices of this state or counties of this state," &c. From this it would seem to be implied that it was not the purpose of the legislature to render illegal the transaction of any business, public or private, on legal holidays other than that thus specially prescribed. Mr. Justice Magie, after a very careful examination of this subject, in *Glenn* v. *Eddy,* 22 *Vroom* 255, so construed the act with regard to legal holidays then existing (*Rev. Sup., p.* 361), which differed from the present act in that it included among the things prohibited on a legal holiday the holding of courts and the compelling of any person to labor upon such days. He said: "When the statute declares them to be legal holidays it does not permit a reference to the legal *status* of Sunday to discover its meaning, for it proceeds to interpret the phrase, so far as it is prohibitory, by an express enactment, what shall not be done thereon. *What it thus expresses is prohibited; what it fails to prohibit remains lawful to be done.*"

In *Mueller* v. *Egg Harbor City,* 26 *Vroom* 245, it was held that a city ordinance might lawfully be passed on Saturday afternoon, which was a half holiday. In construing a provision of the statute, identical in language with the one now under consideration, Mr. Justice Van Syckel, in the opinion, says: "This provision clearly applies only to the public officers of the state and to the public officers of the counties of the state, requiring them to close their several offices on such legal holidays. It does not, in terms or by implication, inhibit municipal legislation."

The decision in *Wilson* v. *Bayley,* 13 *Vroom* 132, where depositions taken on a legal holiday against the objections of the opposing counsel were overruled, is not in conflict with the result here reached. The statute which applied in that case, in terms, prohibited compulsory labor or the holding of courts on a legal holiday, except in such cases as courts might lawfully sit on Sunday. The present statute declares that its provisions shall not be construed as interfering with the transaction of business by any person or corporation on any such holiday.

Another objection raised to this return is that it does not begin or end in a public road. But this objection is based upon a misconception of the fact. The application, return and map all call for the beginning point as in Railroad avenue and as ending in Pine street. The word "street" imports a highway. *Rap. L. Dict.* 1226. And in the absence of proof to the contrary, we must assume that Pine street, as referred to in the return, is a public highway. Some affidavits taken under an order of the Common Pleas, and found in the printed case, are relied upon to show that Pine street, although laid out upon a map of streets, has not been accepted and used by the public as a highway. But these affidavits were not brought up with the record, are not on file, and cannot be considered.

The contention that the return and map do not show through whose lands the proposed road is laid, nor the length of the lines through the lands of the several owners, is not sustained. We find that the map has the lots of the owners plotted as running to the line of Sewell avenue, which, in the absence of evidence to the contrary, we assume to be a dedicated street, and hence that the line of said lots run to the centre of said avenue. The scale of the map is given, and the length of the road, laid out, so that the width of the lots thus crossed by the proposed road is a mere matter of calculation. The other reasons are, we think, without substance, and no error appearing, the proceedings of the surveyors are affirmed, with costs.