[Civ. No. 8256. First Appellate District, Division Two.—April 11, 1932.]

B. & H. TRANSPORTATION COMPANY (a Corporation), Appellant, v. CHARLES G. JOHNSON, State Treasurer, etc., Respondent.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney and Alberta Belford, Deputies Attorney-General, for Respondent.

JAMISON, J., *pro tem.*—This appeal is from a judgment of dismissal entered after plaintiff had declined to amend after demurrer to its amended complaint had been sustained.

This is an action brought for the recovery of taxes paid by plaintiff to respondent under protest. The principal question involved in this appeal is the construction to be placed on section 15 of article XIII of the state Constitution. This section was adopted on November 2, 1926, and the first paragraph of said section is as follows: "Taxes levied, assessed and collected as hereinafter provided upon companies owing, operating or managing any automobile, truck or auto truck, jitney bus, stage or autostage used in the business of transportation of persons or property as a common carrier for compensation over any public highway in this state between fixed termini or over a regular route, other than busses used exclusively for the transportation of pupils to or from any public school, when owned or operated by the school or school district, shall be entirely and exclusively for highway purposes, and shall be levied, assessed and collected in the manner hereinafter provided. The word 'companies' as used in this section shall include persons, partnerships, joint stock associations, companies and corporations." This section further provided that all such companies engaged in the aforesaid business of transportation of persons, or persons and baggage, or persons and express, or persons, baggage and express where the same is transported on the same automobile, jitney bus, stage or autostage transporting said persons shall annually pay to the state a tax upon their franchise, cars, equipment and other property, or any part thereof used exclusively in the operation of their said business in this state, equal to four and one-quarter per cent of

the gross receipts. Section 3664aa of the Political Code contains substantially the wording of the Constitution.

Appellant contends that the phrase "public highway" as used in said section of the Constitution is not broad enough to include city streets where the use of said streets is for a purpose which begins and ends within the limits of a city.

Section 2618 of the Political Code defines public highways as follows: "In all counties of this state public highways are roads, streets, alleys, lanes, courts, places, trails, and bridges, laid out or erected as such by the public, or if laid out or erected by others, dedicated or abandoned to the public, or made such in actions for the partition of real property." In the case of *Montgomery* v. *Santa Ana W. R. Co.*, 104 Cal. 186 [43 Am. St. Rep. 89, 25 L. R. A. 654, 37 Pac. 786], the court used the following language: "All streets are highways, but not all highways are streets. *Common Council* v. *Croas*, 7 Ind. 9; *Layfette* v. *Jenners*, 10 Ind. 74; *Clark* v. *Commonwealth*, 14 Bush (Ky.), 166." And in *Western Union Tel. Co.* v. *Hopkins*, 160 Cal. 106, 118 [116 Pac. 557, 562], the court said: "The term 'public highway' includes streets in cities."

Roads and highways are generic terms embracing all kinds of public ways, such as county and township roads, streets, etc. (3 Words and Phrases, 1108.) In *Venice* v. *Short Line Beach Land Co.*, 180 Cal. 447 [181 Pac. 658, 659], the court used the following language: "The law relating to highways is indicated by section 2618 of the Political Code, declaring that such highways are roads, streets, alleys, etc." The California Vehicle Act, section 21 (Stats. 1923, p. 519), describes a public highway as including every highway, road, street, etc. In other jurisdictions we find that the streets of a city are included in the word "highways". (*State* v. *Ferry Line Auto Bus Co.*, 99 Wash. 64 [168 Pac. 893]; *Forgy* v. *Rutledge*, 167 Ky. 182 [180 S. W. 90, 92].)

We are therefore of the opinion that the phrase "public highway" as used in the said section of the Constitution embraces the streets within the limits of a city.

The next contention of appellant is that to render a company liable to the tax specified in said section of the Constitution it must not only operate the stage or autostage over a public highway, but said operation must be between

fixed termini or over a regular course, and that the phrase "fixed termini" necessarily implies the operation must be in part without the corporate limits of the city.

Appellant incorporated in its amended complaint, and made them a part thereof, two written protests at the time it paid the said tax. One of said protests was made when it paid the first installment of said tax, and the other when it paid the second installment. In the first written protest appellant stated that it was exclusively engaged in the business of transportation of persons for compensation over public streets within the corporate limits of the city of Long Beach and having all of its termini and its regular routes within the corporate limits of the said city of Long Beach. In the second protest it alleged it states the operations of appellant consist of the conduct of a line of passenger carrying motor-busses operating as a purely local service, wholly within the municipal limits of Long Beach and over and along fixed routes under a franchise from said city granted in accordance with its charter.

One of the grounds for the demurrer to the amended complaint was that it did not state facts sufficient to constitute a cause of action. To constitute a cause of action for taxes paid under protest under said section of the Constitution and section 3664aa of the Political Code, it was essential that appellant in its complaint should have alleged facts that exempted it from such taxation. That is to say, it should have alleged that it was not operating between fixed terminals or over a regular route. On the contrary, we find that the complaint alleged that it was operating its busses over regular routes in the city of Long Beach and having all of its termini therein and also over and along fixed routes in said city. "Fixed termini" was defined by the legislature in the Auto Stage Transportation Act (chap. 213, Stats. 1917, p. 330) as follows: "The words 'between fixed termini or over a regular route', when used in this act, mean the termini or route between or over which any corporation or person, . . . usually or ordinarily operate any automobile, jitney bus, auto truck, stage or auto stage, even though there may be departures from said termini or route, whether such departures be periodic or irregular."

In its reply brief appellant contends that even if the complaint, with the two protests which are made a part

thereof, be construed to be an allegation that appellant is engaged in operating motor-busses for compensation over a regular route, that said construction does not bring appellant within the purview of said section 15 unless the court declares that said section includes transportation companies engaged in a purely local service.

The said section 15 and section 3664aa of the Political Code make no exception with respect to motor-busses operated wholly within the limits of a city. It operates equally upon all motor-busses engaged in the business of carrying passengers for hire within the state that come under the provisions of said sections. Where the statutory language is clear and explicit, so that the meaning of the legislature is apparent, there can be but one construction whatever the consequences of the law may be. (23 Cal. Jur. 765.)

Lastly, appellant contends that said section 3664aa of the Political Code is unconstitutional in so far as it seeks to impose a tax upon motor-busses which are operated wholly within the limits of a city. No authorities are cited in support of this contention and we are of the opinion that this contention is without merit.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.