[L. A. No. 16188. In Bank.—February 14, 1940.]

RICARDO A. MACHADO et al., Appellants, v. TITLE GUARANTEE AND TRUST CO. (a Corporation) et al., Respondents.

Willedd Andrews, Charles D. Munro and Victor E. Wilson for Appellants.

Arch H. Vernon, Earl E. Johnson, Gilbert E. Harris, Keogh, Cate & Colver and Alfred E. Cate for Respondents.

SHENK, J.—This is a suit to quiet title to a strip of land which was set apart for a public way in a partition proceeding in 1876 but which was never accepted, used or improved for such purpose and was formally vacated and abandoned as a way by the board of supervisors in 1905. From a judgment for the defendants the plaintiffs have prosecuted this appeal.

The facts stand undisputed and the parties differ only as to the legal conclusion to be deduced therefrom. It appears that the strip of land in litigation, containing about 2.6 acres, was originally a part of the Rancho La Ballona in Los Angeles County which was granted by the Mexican government. Augustin Machado at the time of his death in 1865, owned an undivided one-fourth interest therein which he devised one-half to his wife, Ramona Machado, and one-half to his thirteen children in equal shares. In 1868 the entire rancho was partitioned and a certain portion was allotted to the Machado heirs (widow and children) in common. Thereafter and in 1875–1876, at the suit of the widow, the portion of the rancho theretofore allotted to the Machado heirs in the earlier proceeding was partitioned and a certain tract of what was designated "fourth class land" was thereupon allotted by both metes and bounds and acreage to each of Ramona Machado, the widow, and to Jose de la Luz Machado, a son, and the strip of land here in dispute lying between the two tracts so allotted to the wife and son, respectively, was laid out and set apart as a road or street by the referee by metes and bounds corresponding with the boundaries of the two mentioned and adjacent tracts.

Jose Machado, the son, conveyed his allotment or parcel of land in 1890 to Bernardino Machado by the same metes and bounds and acreage description as was employed when the same was allotted to him in the partition proceeding. Prior thereto and in 1879, Ramona Machado, the widow, had conveyed her allotment or parcel to one Briswalter in the same manner but, in addition, her deed contained an omnibus clause conveying all of her right, title and interest in and to Rancho La Ballona, of which her parcel and the strip here in controversy were at one time a part, excepting therefrom three specific tracts not material to the present inquiry. Both of these grantors are dead and the defendant title company and the defendant Del Rey Company by mesne conveyances have succeeded to the allotments or parcels partitioned to and

thereafter conveyed by them. The defendant oil company claims a leasehold interest through its codefendants. As the successor in interest of the parcel allotted and partitioned to Jose Machado, the defendant Del Rey Company claims title to the north half of the abandoned street upon which said parcel fronts and the defendant title company, as successor in interest of the parcel allotted to Ramona Machado which is contiguous to the abandoned street on the south, claims title to the south half thereof. In respectively asserting title to one-half of the abandoned street, each of said two defendants relies on the presumption of law, declared in our code, that "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown." (Sec. 831, Civ. Code.) Section 1112 of the same code states that "A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." To the same effect is subdivision 4 of section 2077 of the Code of Civil Procedure. The decisions of this court giving expression and application to this principle are numerous. In *Brown* v. *Bachelder*, 214 Cal. 753, 755 [7 Pac. (2d) 1027], it is stated, "That the presumption is highly favored in the law is made clear by the discussion of this court in *Anderson* v. *Citizens' S. & T. Co.,* 185 Cal. 386 [197 Pac. 113]."

The plaintiffs are the heirs at law of both Augustin Machado (the original owner of the tract) and Ramona Machado (his widow and grantor through whom one of the defendants claims) while the plaintiff Marie Machado is the heir at law of Jose Machado (the son and grantor through whom the other defendant deraigns title). While recognizing the force and effect of the principle of law that owners of land contiguous to a street, such as the defendants herein, are presumed to own to the center thereof, the plaintiffs contend that the factual situation here is such as to rebut and destroy this presumption. They base their suit to quiet title to the abandoned street on the theory that the fee to the land embraced therein was not allotted to any of the parties in the 1876 partition proceeding, and hence remained in common with them as the heirs of Augustin Machado, the original owner, and that as such heirs they have not since conveyed the same to anyone. In support thereof they refer us to the 1874

amendment of section 764 of the Code of Civil Procedure which authorized referees in partition, when for the advantage of those interested, to set apart a portion of the property for a way, road or street which "shall not be assigned to any of the parties . . . but shall remain an open and public way, road or street . . . ".

At common law a referee in partition had no authority to lay out a public street but could only create and attach to one parcel of land a right of way or easement and impose such servitude on another parcel where required for the beneficial partition of the property. (47 Cor. Jur. 500, sec. 571.) This was the rule under section 764, *supra*, prior to its amendment in 1874. (*Myers* v. *Daubenbiss,* 84 Cal. 1, 5 [23 Pac. 1027].) Undoubtedly because of this lack of authority in the referee the code section was amended in the manner above indicated. To accord to this amendment the meaning advanced by the plaintiffs would result in this case, where the strip set apart was never accepted, used or improved as a street and was later formally abandoned as such, in a partition of a part only of the tract in question. This would be contrary to the express intention of the original owner, plaintiffs' ancestor, that the entire tract should go to his heirs in the shares designated by him and which intention obviously was sought to be given effect in the partition decree. In fact, the pleadings and orders, the report of the referee and the decree of the court confirming the report clearly indicate an intention to make a complete partition of the portion of the ranch theretofore allotted to the heirs of Augustin Machado. We are of the view that the code amendment was not intended to prevent the complete partition of the lands involved, elsewhere provided for in the code, but was to authorize referees in partition to create an easement for a private or a public way, instead of limiting their authority, as formerly, to the creation of an easement in behalf of one parcel of land partitioned over another parcel so partitioned. It goes without saying, that the former inability of a referee to create an easement for a private or public way must have rendered difficult the fair and equitable partition of large tracts of land so as to make all portions thereof accessible, and the code amendment must have been enacted to remedy this situation. The declaration in the code section, as amended, that the "portion so set apart" as a street shall not be "assigned to any of the par-

ties'' must here be held to apply to the easement for public use and not to the fee title and may well have reference to the settled proposition that no matter how clearly it may appear that an owner of a parcel of land holds fee title to the center of an adjoining street subject to the public easement, and that the boundary of his parcel is technically, therefore, the center of the street, he nevertheless has no right to the possession or occupancy of any portion thereof while used as a street. But where, as here, the strip set apart was never accepted, used or improved as a street and was thereafter formally abandoned as such, such right of possession and occupancy may not be denied to the contiguous owners. We therefore find nothing in the cited code section that in any way tends to overcome or rebut the presumption ''highly favored in the law'' that owners of lands adjacent to a road or street (even though abandoned) own to the center thereof. (*Anderson* v. *Citizens Sav. & T. Co.*, 185 Cal. 386 [197 Pac. 113].)

█ The plaintiff and appellants next refer us to the line of cases holding generally that while the presumption declared by the codes will in all proper cases be given effect, it is one which in many ways may be rebutted, and one of the specific ways in which it may be rebutted is by a description by metes and bounds. It will be recalled that the parcels allotted and partitioned to the widow and the son through whom the defendants respectively deraign title were described by metes and bounds. Without in any way detracting from the cases relied on by the appellants, we are of the view that the principle therein enunciated more properly has application to those situations where the description by metes and bounds is the result of the free exercise of choice by the grantor, and therefore evidences his intention to transfer only such of his property as is embraced within the metes and bounds description, and should not be applied to a case, such as this, wherein the method of description did not lie in the sole discretion of the referees or the court in the partition proceeding. █ The method of description employed by the latter was dictated by the provisions of section 765 of the Code of Civil Procedure, which, since its enactment in 1872, has declared that ''The referees [in partition] must make a report of their proceedings . . . describing the property divided and the shares allotted to each party, *with a particular description of each share.*'' In our opinion, the ''particular'' or metes and

bounds descriptions employed from the partition of the tract in 1876 down to the defendants' acquisition of portions thereof by mesne conveyances were wholly the result of the statutory mandate that the allotted or partitioned parcels be given a "particular description" and therefore were not intended, nor do they serve, to rebut the favored presumption that owners contiguous to a street or road own to the center thereof. Such descriptions may reasonably be said to have been employed to identify the parcels partitioned and transferred and not with the intention of excluding the abandoned street area.

 The findings and judgment of the court below and our conclusion herein give effect to the undoubted intention of the original owner, Augustin Machado, and of the court in the petition proceeding to the end that the entire tract should be partitioned among the former's heirs at law in the manner designated by him and thereafter effectively pass by mesne conveyances to their successors in interest. In the construction of boundaries, the intention of the parties is the controlling consideration. (*Miller* v. *Grunsky*, 141 Cal. 441 [66 Pac. 858, 75 Pac. 48]; 4 Cal. Jur. 373, sec. 2.) Whenever possible, a court should place itself in the position of the parties and ascertain their intent, as in the case of any contract. As stated in *Miller & Lux, Inc.*, v. *Secara*, 193 Cal. 755 [227 Pac. 171], "Intention, whether express or shown by surrounding circumstances, is all controlling . . . " The declaration in the code that an owner of land bounded by a road or street is presumed to own to the center thereof is based on the supposed intention of the parties, and the improbability of the grantor desiring or intending to reserve his interest in the street when he had parted with his title to adjoining land. This reasoning finds expression in *Brown* v. *Bachelder*, 214 Cal. 753, 755, 756 [7 Pac. (2d) 1027], and would seem to be peculiarly pertinent to a case such as this where a group of fourteen people originally owned undivided interests in the small area here involved. Surely, it would seem to run counter to the intention of the parties to conclude that the unaccepted, unused, unimproved and later abandoned strip designated as a street in the partition proceeding in 1876 did not pass, one-half each, to the adjoining owners upon partition and from them by mesne conveyances to the respective defendants herein.

Particularly when, in addition to other matters, the record discloses that there was not any defined or traveled road through this marsh land and that for many years there was, and still is, a line of fence posts "all along the center" of said strip with "wires on the posts".

We conclude, therefore, that in the absence of any circumstances showing clearly that it was otherwise intended, the partition of the one-fourth interest originally owned by Augustin Machado among his heirs and devisees operated to convey as a part of the parcels allotted to his widow, Ramona Machado, and his son Jose Machado the fee to the center line of the contiguous unused, unaccepted, unimproved and later abandoned street, which fee passed by mesne conveyances to the grantee defendants as above indicated.

No other points require discussion. The judgment is affirmed.

Curtis, J., Carter, J., Gibson, J., Edmonds, J., and Waste, C. J., concurred.