[Civ. No. 22373.   Second Dist., Div. Three.   Feb. 26, 1958.]

LOMA VISTA INVESTMENT, INC. (a Corporation) et al.,
Appellants, v. THE ROMAN CATHOLIC ARCH-
BISHOP OF LOS ANGELES (a Corporation Sole), Re-
spondent.

R. D. Sweeney and John L. Mace for Appellants.

Waters, Arditto & Waters, Mary E. Waters and William Marshall Morgan for Respondent.

VALLÉE, J.—Appeal by plaintiffs from a judgment of nonsuit in a suit to quiet title to an alleged prior easement of a portion of Hill Street[1] in the county of Los Angeles, and for declaratory relief.

Augustin Machado, at the time of his death in 1865, owned an undivided one-fourth interest in Rancho La Ballona in the county of Los Angeles which he devised half to his wife, Ramona Machado, and half to his 13 children in equal shares. In 1868 the entire rancho was partitioned and a portion was allotted to Ramona and the 13 children. In 1876, at the suit of Ramona, the portion theretofore allotted to her and the children was partitioned. The decree in that suit is referred to as the Machado decree. The property partitioned consisted of 13,919.90 acres and presently comprises most of Culver City and Santa Monica, part of the city of Los Angeles, and county territory. The strip of land in dispute here was laid out and set apart as a street by the referee in the partition proceeding by metes and bounds corresponding with the boundaries of the adjacent tracts.

The property and the roads and streets adjudicated in the decree were platted and the plat thereof was recorded in the

[1]Hill Street or Hill Road is not the well known Los Angeles downtown thoroughfare but is located partly in the county and partly in Culver City in the hills and valleys known as the "Rancho La Ballona."

office of the County Recorder of the county of Los Angeles on April 29, 1876.

In 1874 the following was added to section 764 of the Code of Civil Procedure:

"Before making partition or sale, the referees may, wherever it will be for the advantage of those interested, set apart a portion of the property for a way, road, or street, and the portion so set apart shall not be assigned to any of the parties or sold, but shall remain an open and public way, road, or street, unless the referees shall set the same apart as a private way for the use of the parties interested, or some of them, their heirs and assigns, in which case it shall remain such private way." (Code Amdts. 1873-4, p. 325.) The amendment for the first time authorized referees in partition proceedings to set apart a portion of the property for a way, road, or street which "shall not be assigned to any of the parties . . . but shall remain an open and public way, road, or street."

Pursuant to the amendment, the decree contained this provision:

"It is furthermore ordered, adjudged, and decreed that the following described roads and streets are laid out and shall remain forever open for the common use & benefit of all the parties hereto, to-wit:"

On July 5, 1889, the Board of Supervisors of the County of Los Angeles adopted a resolution declaring that all roads and streets theretofore platted and recorded were forthwith public highways of the county.

On January 30, 1950, plaintiff Crank wrote to the Road Commissioner of the county of Los Angeles stating he was interested in the abandonment of Hill Street by the county, that it had never been developed by the county; asking the road commissioner to prepare the necessary petition for abandonment; and stating he would obtain the necessary signatures to the petition for filing with the board of supervisors. On April 19, 1955, the board of supervisors adopted a resolution finding that the portion of Hill Street in controversy here "is unnecessary for present or prospective public use" and declared it vacated as a public highway.

Plaintiffs and defendants in their respective titles are successors by mesne conveyances to parties in the Machado decree. Plaintiff Lewis A. Crank acquired a tract of land included in the decree which abuts on portions of Hill Street but not on the portion involved in this suit. Retaining one portion, he conveyed the remainder of the tract to Loma Vista

Investment, Inc., which caused it to be subdivided into two tracts. Some of the subdivided lots were conveyed to other plaintiffs and some are still owned by the corporation. Only four of plaintiffs own land abutting on Hill Street but their lands do not abut on the portion over which plaintiffs claim the easement.

Defendant became the owner of a tract of land included in the decree. The land abuts on both sides of the portion of Hill Street over which plaintiffs seek to establish the easement. Defendant's land is a cemetery. The easterly terminus of Hill Street dead-ends in the cemetery. Thus the portion of Hill Street over which plaintiffs seek to establish an easement is a cul-de-sac; it is entirely surrounded by defendant's cemetery except at its west end. It is not paved or curbed but is a dirt road about 7 feet wide. The properties of plaintiffs and all means of ingress to and egress from their properties are to the west of the cemetery; that is, the property in suit is not and cannot be used as a means of ingress to or egress from their properties. Plaintiffs concede "that the easement sought to be established herein is not an easement of necessity; that is, that the plaintiffs do not find it absolutely necessary to use the portion of Hill Street here involved in going to or from their properties."

Plaintiffs assert the Machado decree was a grant of private easements; the easement in the portion of Hill Street in suit never became a public highway by dedication; the private easement has not been extinguished; and it existed in the public highway after the board of supervisors declared it to be a public highway contemporaneously with the public use, and survived the vacation of the public highway. Defendant asserts the Machado decree created public roads and streets under the authority of section 764 of the Code of Civil Procedure, and that on vacation of the portion in suit title vested in him as the owner of the contiguous property.

*Machado* v. *Title Guarantee & T. Co.*, 15 Cal.2d 180 [99 P.2d 245], decides this suit. In that case the court construed the Machado decree. As we read the opinion, it held that the roads and streets laid out and set apart by the referee in the 1876 partition suit were public ways. The facts of that case material to this are related in the opinion. The court stated (p. 182):

"This is a suit to quiet title to a strip of land which was set apart for a public way in a partition proceeding in 1876

but which was never accepted, used or improved for such purpose and was formally vacated and abandoned as a way by the board of supervisors in 1905. From a judgment for the defendants the plaintiffs have prosecuted this appeal. . . .

"[P. 183.] The plaintiffs are the heirs at law of both Augustin Machado (the original owner of the tract) and Ramona Machado (his widow and grantor through whom one of the defendants claims) while the plaintiff Marie Machado is the heir at law of Jose Machado (the son and grantor through whom the other defendant deraigns title). . . .

"[P. 184.] At common law a referee in partition had no authority to lay out a public street but could only create and attach to one parcel of land a right of way or easement and impose such servitude on another parcel where required for the beneficial partition of the property. (47 Cor. Jur. 500, § 571.) This was the rule under section 764, *supra*, prior to its amendment in 1874. (*Myers* v. *Daubenbiss*, 84 Cal. 1, 5 [23 P. 1027].) . . .

"The declaration in the code section, as amended, that the 'portion so set apart' as a street shall not be 'assigned to any of the parties' must here be held to apply to the easement for public use and not to the fee title and may well have reference to the settled proposition that no matter how clearly it may appear that an owner of a parcel of land holds fee title to the center of an adjoining street subject to the public easement, and that the boundary of his parcel is technically, therefore, the center of the street, he nevertheless has no right to the possession or occupancy of any portion thereof while used as a street. But where, as here, the strip set apart was never accepted, used or improved as a street and was thereafter formally abandoned as such, such right of possession and occupancy may not be denied to the contiguous owners. We therefore find nothing in the cited code section that in any way tends to overcome or rebut the presumption 'highly favored in the law' that owners of lands adjacent to a road or street (even though abandoned) own to the center thereof. (*Anderson* v. *Citizens Sav. & T. Co.*, 185 Cal. 386 [197 P. 113].)"

We may add that parts of the Machado decree not specifically mentioned in *Machado* v. *Title Guarantee & T. Co.*, 15 Cal.2d 180 [99 P.2d 245], clearly show that the decree created public roads and streets. In awarding separate parcels to the parties the decree said "it is furthermore hereby ordered adjudged and decreed that there is hereby set off and assigned to the respective parties hereto by virtue and in accordance

with said partition the several tracts parts or parcels of said lands hereinafter described to be by said parties, their heirs executors successors, administrators and assigns hereafter held in severalty together with all the rights, easements hereditaments and appurtenances, thereunto belonging.'' ▮ In setting apart the roads and streets the court did not award them to the parties but decreed that they be laid out for the common use and benefit of all the parties—not to ''their heirs executors successors, administrators and assigns''—without designating them as private ways as required by section 764 of the Code of Civil Procedure. And there is nothing on the recorded plat indicating that the roads and streets were private ways. In both the decree and the recorded plat the roads and streets are designated as roads and streets and not as private ways. Section 764 as amended in 1874 said that a road or street set apart ''shall not be assigned to any of the parties.'' The roads and streets set apart in the Machado decree were not assigned to any of the parties. Section 764 said that the portion so set apart ''shall remain an open and public way, road, or street, unless the referees shall set the same apart as a private way for the use of the parties . . . their heirs and assigns, in which case it shall remain such private way.'' The Machado decree did not set apart the roads and streets or any of them as a private way.

The Machado decree laid out the strip of land in suit as a ''street''—''Flower and Hill Streets each 50 links wide [metes and bounds description].'' ▮ The word ''street'' in its usual and ordinary meaning denotes a public highway; it does not include a private way. (*Schweitzer* v. *Adami,* 110 N.J. Eq. 193 [159 A. 529, 531]; *B. & H. Transportation Co.* v. *Johnson,* 122 Cal.App. 451, 453 [10 P.2d 506]; *Burns* v. *McDaniel,* 104 Fla. 526 [140 So. 314, 316]; *Carlin* v. *City of Chicago,* 262 Ill. 564 [104 N.E. 905, 907, Ann.Cas. 1915B 213]; *Lord* v. *Gifford,* 67 N.J.L. 193 [50 A. 903, 904]; *Commonwealth* v. *Boston B. & G. R. Co.,* 135 Mass. 550, 551; *Dougherty* v. *Kentucky etc. Board,* 279 Ky. 262 [130 S.W.2d 756, 760]; *Wray* v. *Norfolk & W. Ry. Co.,* 191 Va. 212 [61 S.E.2d 65, 69]; *Banks* v. *State,* —— Okla.Crim. —— [285 P.2d 455, 458].)

It is conceded that defendant owns title in fee simple to the portion of Hill Street here involved. ▮ The vacation of a street, when duly effected, results not only in the relinquishment of the public easement but also involves a physical closing which entitles the owner of the fee of the land to take full and complete control of it; title to the land previously

subject to the public easement reverts to the owner free of the public easement for street purposes. (25 Cal.Jur.2d 35, § 177.)

We conclude that the Machado decree created Hill Street as a public street and that it did not create a private easement; that on vacation and abandonment of the portion in controversy it reverted to defendant; that the court properly granted the judgment of nonsuit; and that defendant is the owner and entitled to the possession of the portion of Hill Street described in the judgment.

Affirmed.

Shinn, P. J., and Patrosso, J. pro tem.,* concurred.

A petition for a rehearing was denied March 18, 1958, and appellants' petition for a hearing by the Supreme Court was denied April 23, 1958.

*Assigned by Chairman of Judicial Council.