Antoinette **BORNHOLDT** et al., Plaintiffs,

v.

**SOUTHERN PACIFIC COMPANY**, a corporation, et al., Defendants.

No. 36744.

United States District Court
N. D. California, S. D.
Oct. 10, 1962.

LeRoy A. Broun and Associates, by LeRoy A. Broun, Fremont, Cal., for plaintiffs.

Randolph Karr, Roy Jerome, by Roy Jerome, San Francisco, Cal., for defendant Southern Pac. Co.,

HARRIS, Chief Judge.

■ Plaintiffs, heirs of the original owners of certain property in the Walnut Creek area, have brought this action for declaratory relief against defendant, Southern Pacific Railroad, alleging that the letter has forfeited its right to the retention of Parcel 1 as described in the First Amended Complaint. In the alternative, plaintiffs ask for damages for what they characterize as inverse condemnation.

Defendant railroad acquired the land in question by deed on August 6, 1890, in order to construct a depot for its railroad. Pursuant to the deed of conveyance, defendant built the station on the grounds known as Parcel 1, and has operated the station ever since. It is known as the San Ramon Branch.

Since defendant railroad did not utilize for station purposes the entire area obtained under the 1890 deed, it entered into leases from time to time whereby it could derive revenue from the land not immediately necessary for its station. On September 23, 1952, the McDonald Products Company signed a lease with defendant whereby part of the area in question was to be made available to the Capwell Company as parking ground. Under the terms of the lease which was to run for five years, the railroad reserved the right of termination under paragraph 25 of the lease which obligated the lessee "to observe and comply with all federal, state, county and municipal laws now in effect or hereinafter enacted with respect to the occupancy of said leased premises." It is defendant's contention that the quoted language necessarily limited the leasehold to a term subject to thirty days' notice of termination in the event the Public Utilities Commission should conclude that the land must be made available for railroad purposes exclusively.

Section 851 of the Public Utilities Code gives jurisdiction to the Public Utilities Commission to pass upon the construction of lands (necessary for railroad purposes) owned and utilized by railroads, while General Order 69 issued by the Public Utilities Commission limits the leasing of such lands.

In other lease agreements entered into by defendant railroad the lease itself contained a thirty-day termination clause. However, in this instance the railroad limited its right to conclude the agreement with the lessee to those conditions referred to in the Public Utilities Code in General Order 69, thus assuring a continuity for the full five-year period in the absence of a finding by the Public Utilities Commission that the lease should be terminated.

It is plaintiffs' contention that by failing to reserve an absolute right to terminate upon thirty days' notice, defendant railroad engaged in conduct which gave rise to a forfeiture under the terms of the 1890 grant. Plaintiffs assert that at the very least defendant railroad has in effect condemned lands belonging to plaintiffs, and that damages should be paid for such inverse condemnation.

At the trial of the case defendant Southern Pacific submitted evidence which established that the railroad intends over a period of years to expand its operations on the Martinez-San Ramon Branch line, and that the station grounds, including the property on lease to the Capwell Company, will be utilized in full. The actual planning report was prepared as far back as 1955, several years before

the instant action was commenced. The record is replete with testimony to the effect that the Walnut station grounds have been, and will be used for railroad purposes. Certainly there is no basis for this Court to assume the role of the Public Utilities Commission and pass upon the question of the propriety of disposing of what might be deemed railroad property. Section 851 of the Public Utilities Act bestows jurisdiction on the Public Utilities Commission to determine the proper category of lands owned and utilized by railroads.

Even if it be assumed that this Court is the proper tribunal for determining whether Parcel 1 may be disposed of without injury to the San Ramon Branch of the station grounds, the record discloses that the area will be necessary in toto for railroad purposes, and that it would be improper for this Court to declare a forfeiture because of the lease which has been attacked by plaintiffs. The record fails to support plaintiffs' contention that there has been either a forfeiture or an inverse condemnation on the part of the defendant railroad. Rather, it discloses that the property has been devoted to railroad purposes, and that it may continue to be held by the railroad. See Lemon v. Los Angeles Terminal Railway, 38 Cal.App.2d 659, 102 P.2d 387.

■ Plaintiffs, in support of their position, make numerous assertions which are not borne out by the record nor the authorities. As already stated, the evidence does not disclose that defendant has breached the provisions of the 1890 deed. Furthermore, plaintiffs' predecessors in interest, the original owners of the property, have disposed of their adjoining holdings. Under these circumstances there would be no basis for the Court to hold that plaintiffs are owners of a reversionary interest in Parcel 1. Cf. Brown v. Bachelder, 214 Cal. 753, 7 P.2d 1027; Anderson v. Citizens' Savings & Trust Co., 185 Cal. 386, 197 P. 113.

Defendant raises several other defenses, including the invalidity of the forfeiture clause because of its violation of the rule against perpetuities. However, it is not necessary for the Court to pass upon these several defenses in view of its finding that the railroad has not committed a forfeiture by its conduct in leasing a part of Parcel 1 to the Capwell Company. Similarly, the Court need not consider the defense of the statute of limitations in view of its finding that defendant has acted within its rights under the deed of 1890.

IT IS ORDERED that judgment be entered in favor of defendant, who shall prepare findings of fact, conclusions of law and judgment consistent with this opinion. Defendant shall recover its costs of suit.