**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE VENICE GRIND, LLC, a California Limited Liability Company, | No. 18-56495 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-05690-SJO-MAA |
| v. | |
| CITY OF LOS ANGELES, a municipal corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 2, 2020[**]
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

The Venice Grind, LLC, which operates a coffee shop, challenges the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

reconfiguration of vehicle traffic and bike lanes, pursuant to a plan called a "road diet," on a stretch of Venice Boulevard that the coffee shop abuts. The Venice Grind alleges that the City of Los Angeles's acquisition of the stretch of road from the State of California and subsequent implementation of the road diet was a taking in violation of the Fifth Amendment and deprived The Venice Grind of procedural due process in violation of the Fourteenth Amendment. The district court granted the City's motion to dismiss the operative amended complaint.[1] Reviewing de novo, and considering any grounds supported by the record, *see Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013), we affirm.

1. The district court did not err in dismissing The Venice Grind's takings claim. Because the claim clearly fails, we exercise our discretion to address it on the merits, without regard to whether it is prudentially ripe. *See Guggenheim v. City of Goleta*, 638 F.3d 1111, 1118 (9th Cir. 2010) (en banc); *see also Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985), *overruled in part by Knick v. Township of Scott*, 139 S. Ct. 2162 (2019).[2]

We hold that The Venice Grind has not plausibly alleged a property interest

---

[1] The district court also declined to exercise supplemental jurisdiction over state law claims in the amended complaint. The Venice Grind does not contest that dismissal on appeal.

[2] Because we do not reach the issue of prudential ripeness, and in light of the Supreme Court's issuance of its decision in *Knick*, we deny as moot the City's Motion to Take Judicial Notice of records filed before the Supreme Court while that matter remained pending. *See* Dkt. No. 15.

in the property purportedly taken for public use without just compensation. *Vandevere v. Lloyd*, 644 F.3d 957, 963 (9th Cir. 2011). The Venice Grind has no property interest under California law in the maintenance of the flow of traffic on the street its coffee shop abuts or in the business it derives from that traffic. *See Rose v. State*, 123 P.2d 505, 519 (Cal. 1942); *Liontos v. Cty. Sanitation Dists.*, 72 Cal. Rptr. 2d 107, 108 (Ct. App. 1998). Neither California Streets and Highways Code § 5610 nor California Civil Code § 831 warrant a different conclusion. *See Jordan v. City of Sacramento*, 56 Cal. Rptr. 3d 641, 643-44 (Ct. App. 2007) (explaining the limited reach of section 5610); *Machado v. Title Guar. & Tr. Co.*, 99 P.2d 245, 246-47 (Cal. 1940) (interpreting section 831 not to create a right to possession or occupancy of any part of a public street).

2. For similar reasons, the district court did not err in dismissing The Venice Grind's due process claim. Because The Venice Grind failed to allege the existence of a protected property interest, it has not plausibly alleged that it was deprived of such an interest without due process of law. *See Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931-32 (9th Cir. 2017).

**AFFIRMED.**