[No. 2715.]

JOSEPH L. MOODY v. S. E. PALMER, ADMINISTRATRIX OF THE ESTATE OF S. L. PALMER, DECEASED, ISAAC LAUKERSHIM, WILLIAM F. CANHAM AND ISAAC LIBZIG.

LAND BOUNDED ON A STREET.—Land described in a deed as bounded by a public highway or street will be considered as bounded by the centre of the street, unless it clearly appears that it was intended to make the side line of the street a boundary, instead of the centre.

WHEN DEED CONVEYS LAND TO CENTRE OF A STREET.—A deed which bounds one side of the land conveyed, as extending five hundred feet to a street or avenue, and thence at right angles along the street or avenue one

hundred and twenty feet to the place of beginning, conveys the fee of the land, subject to the public easement, to the centre of the street or avenue, even if the five hundred feet extended only to the side of the street or avenue, and the one hundred and twenty feet passed along its side; and when the street ceases to be used as such, the grantee owns the land free of the easement.

IDEM.—In such deed it does not clearly appear that the side line, and not the centre line of the street, was intended to be the boundary.

CONSTRUCTION OF A DEED.—It is the province of the court to construe a deed received in evidence.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Ejectment to recover possession of a tract of land in the city of San Francisco, bounded as "commencing at a point on the south line of California street, distant one hundred and nine feet nine inches west from the southwest corner of Van Ness avenue and California street; running thence west on the said south line of California street, one hundred and forty feet; thence south and parallel with Van Ness avenue, two hundred and seventy-five feet to the north line of Pine street; thence east on said line of Pine street, one hundred and seventy feet; thence at right angles north and parallel with Van Ness avenue, one hundred and twenty feet; thence east and parallel with Pine street, seventy-nine feet nine inches to the west line of Van Ness avenue; thence north along the west line of Van Ness avenue, seventeen feet six inches; thence west and parallel with California street, one hundred and nine feet nine inches; thence north and parallel with Van Ness avenue, one hundred and thirty-seven feet six inches to the south line of California street, and point of commencement."

Park avenue was one hundred and seventy feet wide, and extended from Pine street to California street, as the two latter streets were laid out by the commissioners appointed by the city. Pine and California streets extended nearly east and west, while Park avenue ran nearly north and south. Pine street, at the time Dyer made the conveyances to Folsom and Simmons and Bassett, had not been extended westerly so far as the Dyer and Gladding tract. California

street, as afterward extended west to the same place, lay parallel with Pine street, two hundred and seventy-five feet north of it. The deed from Dyer to Folsom and Simmons described the land conveyed as commencing at the north-westerly corner of Pine street, if continued; thence westerly along Pine street, five hundred feet; thence at right angles northerly one hundred and twenty feet; thence at right angles easterly five hundred feet to the Park; thence at right angles along the Park one hundred and twenty feet to the place of beginning. The deed from Dyer to Bassett bounded the land conveyed as commencing at the northeast corner of Pine street and Park avenue; thence running easterly along the line of Pine street two hundred and fifty feet (250); thence at right angles one hundred and twenty feet (120); thence at right angles running westerly two hundred and fifty feet (250) to Park avenue; thence at right angles southerly along the Park one hundred and twenty feet (120) to the point of beginning.

It will be perceived that the land conveyed to Folsom and Simmons lay on the west side of Park avenue, while that conveyed to Bassett lay on the east side of Park avenue, and that if distances alone were to be considered in construing the deeds, the respective tracts of land were bounded on the east and west sides by Park avenue. The defendants claimed under Folsom and Simmons and Bassett through the deeds which Dyer gave them in 1854, and also under deeds given by Gladding to Bassett and Folsom in 1861, and the plaintiff claimed under a later deed made by Dyer in 1868. The defendants had a verdict and judgment, and the plaintiff appealed.

The tract in controversy was between Larkin street and the charter line of 1851, and was, therefore, subject to the provisions of the Van Ness Ordinance.

The other facts are stated in the opinion.

*Williams & Thornton,* for the Appellant.

The court, in its instruction in relation to the fee of lands conveyed on Park avenue extending to the middle of the street, invaded the province of the jury. As a construc-

tion of the deeds from Dyer, the instruction is erroneous, for these deeds exclude the street (Park avenue).

We must arrive at the meaning of the deed, to discover whether the grantor intended to convey the land in the street, or to retain it. From a fair construction of these deeds of Dyer's above mentioned, it clearly appears that he intended to retain the street, unless we can put the corner of two intersecting streets in the middle of a street. (*Baldwin* v. *Brown*, 16 N. Y. 359; *Du Bois* v. *Beaver*, 13 Id. 296; *Bissell* v. *N. Y. Cent. R. R. Co.*, 23 Id. 61; *Cole* v. *Haynes*, 22 Vt. 558; *Sunderland* v. *Jackson*, 32 Me. 83; *Bangor* v. *Brown*, 33 Id. 315; *Hughes* v. *P. & W. R. R. Co.*, 2 R. I. 508; *Alden* v. *Murdoch*, 13 Mass. 256; *Buck* v. *Squeers*, 22 Vt. 484; *Saltonstall* v. *Proprietors*, 7 Cush. 201; *Kittle* v. *Pfeiffer*, 22 Cal. 484.)

If no part of the street was conveyed, the easement or right to have the use of the street was in Dyer's grantees until the street was abandoned; that having been done, the right of possession revested in the grantor, with every right as perfect as if the adjacent land had never been conveyed. (*Corning* v. *Gould*, 16 Wend. 531, and other cases there cited; Washburn on Easements, pp. 84, 542.)

*Whiting, Naphtaly & Newman*, for the Respondents.

By the Court, CROCKETT, J.:

The action is ejectment to recover the possession of a parcel of land in the Western Addition to the city of San Francisco. Both parties claim title in fee. The material facts developed at the trial are as follows: In 1852 Dyer and Gladding, who were partners in business, purchased the possessory claim to an unenclosed tract of about eighty acres of land, and took the deed in the name of Dyer alone. There was at the time a small inclosure upon the tract for a chicken yard. They entered into the actual possession of the part inclosed and continued to hold it until some time in 1853, when they made fences, which, with fences already constructed by others, inclosed the whole tract. Shortly after making the inclosure they laid out the ground in

blocks, lots, streets and alleys, and procured a map or plat to be made showing it as thus laid out. One of these streets they named Park avenue. They also, from time to time, sold and conveyed to various persons parcels of the tract, bounding them upon the streets so laid out. In July, 1854, Dyer made conveyances to Simmons and Folsom, and to Bassett, commencing in one deed "at the northwesterly corner of Pine street and Park avenue," and in the other at the "northeast corner of Pine street and Park avenue," and then in each running round to Park avenue, and "thence at right angles along the Park one hundred and twenty feet to the place of beginning."

The unsold portions of the tract they used for various purposes until October, 1855, when they dissolved their partnership and divided their property. To make the division, Dyer conveyed his interest in a portion of the tract to Gladding, but Gladding made no deed to Dyer, it being supposed by them that the legal title was then in Dyer. Shortly after the division Dyer went away from the land, and never afterwards lived upon or had actual possession of any portion of it. In 1858 the whole tract was laid out by commissioners appointed by the city, into blocks and streets; and some of the streets, including Park avenue, theretofore laid out by Dyer and Gladding, were abandoned and ceased to be used as such. The land in controversy in this action is that which lay in Park avenue, adjacent to the land conveyed by Dyer to Simmons and Folsom and to Bassett, in July, 1854, and also a strip seventeen and a half feet wide at the north end thereof, which was included in a cross-street. The defendants have the title of Gladding to all of the demanded premises, and that of Dyer to all, provided the descriptions in the deeds of the adjoining land are to be regarded as extending to the centre line of Park avenue and of the cross-street. They have also been in the actual possession of the premises since some time prior to 1861.

The plaintiff claims title under a conveyance made by Dyer in 1868.

The court, at the request of the defendants, instructed the jury to the effect that when land is conveyed and bounded

by a highway, street or avenue, the conveyance carries with it the fee to the centre of the road, street or avenue as part and parcel of the grant, and that, when the right of way or easement ceases, the lands included within the street or avenue belong to the adjoining owner as part of his grant; that if the jury should find that Dyer or Gladding, or both, conveyed any of the lands upon and bounded by Park avenue, the fee to such lands extended to the middle of such street or avenue, and passed to the adjoining grantee and owner, and that, when the avenue ceased to be used as such, the adjoining grantee and owner held such street or avenue as his own, free and clear of such way or easement.

And the court refused the request of the plaintiff to instruct the jury that, if the legal title of the property in controversy vested in Dyer at any time subsequent to the 8th of October, 1855, then Dyer's title passed to and vested in the plaintiff by virtue of Dyer's deed to him, and he was not barred by any statute of limitations, inasmuch as the act of the Legislature, approved March 5, 1864, entitled "An act to limit the time for the commencement of civil actions in certain cases," is unconstitutional and void.

The defendants had judgment, and the plaintiff appealed.

1. The deed from Dyer to Simmons and Folsom and to Bassett, conveyed all the interest of the grantor to the land to the centre line of Park avenue and of the cross-street. It is well settled that land described in a deed as bounded by a public highway or street, will be considered as extending to the centre of the street or highway, unless it clearly appears that it was intended to make a side line instead of the centre line the boundary. The highway is a monument, and in legal contemplation the thread of the highway is the monument, unless a contrary intention clearly appears. That this is the rule is established by a multitude of authorities. But it is said that it clearly appears from the deeds in question that the side line and not the centre of Park avenue and the cross-street was intended to be the boundary. This inference is deduced from the fact that in the deed to Simmons and Folsom the boundary is described as commencing at the northwesterly *corner* of Pine street

and Park avenue, "thence running westerly along Pine street five hundred feet; thence at right angles northerly one hundred and twenty feet; thence at right angles easterly five hundred feet *to the Park;* thence at right angles *along the Park* one hundred and twenty feet to the place of beginning." In the deed to Bassett the descriptive calls are similar. In *Johnson* v. *Anderson* (18 Me. 76), the deed described the land as beginning on the "westerly side" of the county road; "thence running northerly, touching the said westerly side of said road." In *Paul* v. *Carver* (26 Penn. 223), the deed described the land as running "along the east side of Thirteenth street, * * to Tidmarst street; thence south-easterly along the northerly side of the said Tidmarst street." In both cases it was held that the land extended to the centre of the street. In the last-named case, Chief Justice Lewis, in delivering the opinion of the court, carefully examines the authorities and states the reasons (which, in my opinion, are entirely satisfactory) why, in such cases, the deed must be construed as including the land to the centre of the street. To the same effect is *Newhall* v. *Ireson* (8 Cush. 598).

The question is discussed with his usual ability, and the same conclusion reached, by Redfield, J., in his dissenting opinion in *Buck* v. *Squiers* (22 Vt. 493). Public policy demands that deeds containing descriptions of this character shall be construed, if practicable, as including the land to the centre of the street; and the deed under discussion must be so interpreted.

The abstract proposition, as set forth in the instruction given, was too broadly stated, in that it omits the qualification to the general rule, to the effect that if it clearly appears that the side line, and not the centre line, of the highway was intended to be the boundary, the deed will be construed accordingly. But as applied to the deeds in question here, the omission could not have prejudiced the plaintiff, inasmuch as these deeds do not, as we have seen, bring the case within the exception. It was for the court to construe the deeds, and it is clear they fall within the general rule, which is correctly stated in the instruction. The omission was therefore harmless.

2. This view of the law governing the first point renders it unnecessary to consider the instruction asked by the plaintiff, impugning the validity of the act of March 5, 1864, known as the Hawes Limitation Act. Upon our construction of the deeds under which the defendants derive title, the boundaries extended to the centre lines of the streets on which they abutted; and if so, the plaintiff has no title on which the act of March 5 could operate. The instruction may well have been refused on the ground that it was wholly foreign to the case.

Judgment affirmed.   Remittitur forthwith.