[L. A. No. 23988.   In Bank.   May 31, 1957.]

DENNIS S. NEFF et al., Respondents, v. CLEMENT L. ERNST, as Administrator, etc., Appellant.

Caryl Warner for Appellant.

William G. Bolton and John A. Michael for Respondents.

SHENK, J.—The defendant appeals from a judgment entered April 20, 1955, declaring that the plaintiffs have a private right of way and easement in, to and across the vacated portion of Bard Street adjoining their property in Hermosa Beach. The defendant also appeals from a judgment entered on June 10, 1955, pursuant to section 662 of the Code of Civil Procedure on the denial of his motion for new trial, which adjudicated that the plaintiffs have a fee title interest in one-half of vacated Bard Street and in one-half of vacated Oak Street which adjoins their property, and that they have easements in the other one-half of these streets. The defendant contends that the trial court had no jurisdiction to modify the first judgment while his appeal therefrom was pending; that it erred in construing the plaintiffs' deed to grant by implication either a fee title or a private easement in these vacated streets, and that it erred in holding that the noncompliance by the plaintiffs with the recordation requirements of section 812 of the Civil Code did not extinguish any easement they might own in these streets.

The common predecessor in title of the property involved in this action was the California Bank which acquired title in 1932 from Benjamin Hiss, the original subdivider. In 1938 the bank conveyed a portion of this property to the plaintiffs by a deed referring to a recorded subdivision map. This map showed that this parcel was bounded by public streets designated thereon as Pier Avenue (to the south), Bard Street (to the west), Oak Street (to the north), and Railroad Street (now Valley Drive) to the east; that Bard and Oak Streets terminated at their common intersection; and that a public alley bisected this parcel in an east-west direction between Bard and Railroad Streets. The surrounding property to the west and the north was then owned by the bank and is the property now owned by the defendant.*

The deed to the plaintiffs stated that it was made "subject to . . . matters of record." There was of record at that time the vacation in 1926 of the public easements in Oak Street, in the northerly portion of Bard Street, and in the alley above mentioned. A visual inspection at the time the plaintiffs acquired this property indicated that the whole of Bard Street was a continuous public street; that it had a hard dirt surface which had been oiled from time to time, and that it

---

*During the progress of this action the defendant Daniel L. Ernst died and an administrator with the will annexed was substituted as defendant-appellant. The decedent will be referred to as the defendant.

was being used for purposes of ingress and egress to this property and to the building located thereon. This building had been erected by Hiss in 1927, after the vacation of these streets. It had three garage doors which opened out over vacated Bard Street and a loading dock in the rear which abutted on vacated Oak Street, and it spanned the westerly portion of the alley. The plaintiffs' deed specifically conveyed to them the title to the "vacated alley" but made no reference to the vacated streets. After they acquired this property it was necessary for them to use both of these vacated streets, but principally Bard Street, for access to their property and these streets have been continuously so used by them, their friends, licensees and invitees.

In 1943 the defendant acquired title to the remaining Hiss property by a deed which specifically conveyed to him the fee title to "vacated Oak Street" and "vacated Bard Street." In June, 1953, he commenced the construction of a permanent building and a six foot wall along the westerly line of the plaintiffs' real property which interfered with their access to the garages on vacated Bard Street and to the loading dock on vacated Oak Street. Their objections to this construction proved futile and they commenced this action, seeking preliminary and permanent injunctions, damages and other relief. Their application for a temporary injunction was denied and the defendant continued with the construction pending the outcome of this suit.

The deeds by which the parties acquired title were in evidence at the trial. There was substantial evidence that the construction commenced by the defendant interfered with the plaintiffs' use of vacated Bard and vacated Oak Streets for purposes of access to their property, and also that it had resulted in an impairment of the normal flow of surface waters from the northwesterly corner of their land. Judgment was entered permanently enjoining interference by the defendant with these easements and awarding $650 damages for the temporary loss of use by the plaintiffs of their garages.

On the motion for new trial there was raised for the first time the question whether under the language of the plaintiffs' deed the fee title to the center of the vacated streets had been conveyed to them in addition to the easements claimed at the trial. On May 31 the court took the motion under submission, including the determination whether, pursuant to the provisions of section 662 of the Code of Civil Procedure, the pleadings, findings and judgment could be amended without

reopening the proceedings to adjudicate the issue of fee title. On June 5 the defendant filed a notice of appeal from the judgment. On June 10 the court ordered the plaintiffs to amend their pleadings to conform to the proof. The court revised its findings and conclusions of law, entered a modified judgment adjudicating the issue of fee title in favor of the plaintiffs, and directed the clerk not to perform any further function in perfecting the prior appeal. The defendant appealed from this modified judgment.

The question is: which appeal is properly before this court. Obviously it is one or the other and cannot be both. Section 662 provides: "In ruling on . . . [a motion for new trial] in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of section 657 and 659 of this code [referring to motion for new trial]."

It is the position of the defendant that after he filed his notice of appeal from the original judgment the trial court was divested of jurisdiction to later modify its judgment, even though the modification came about as a part of the proceedings in ruling on a motion for new trial. In this he is supported by the rule stated in *Wagner* v. *Shapona* (1954), 123 Cal.App.2d 451, 464 [267 P.2d 378]. An opposite result was reached in *Rutledge* v. *Rutledge* (1953), 119 Cal.App.2d 112, 113 [259 P.2d 78], upon which the trial court relied in directing the clerk to disregard the prior appeal. This question has not heretofore been determined by this court and, as appears by the Wagner and Rutledge cases, a conflict appears in the decisions of the District Courts of Appeal.

Prior to 1929, when section 662 was enacted, the trial court had no power to make substantial modifications in its findings or in its judgment after judgment was entered. This section grants new and specific powers to that court in the new trial proceedings. ▮ A duly perfected appeal usually divests the trial court of further jurisdiction in the cause and of the power to act other than with respect to specified excepted or

collateral matters. (*Sacks* v. *Superior Court,* 31 Cal.2d 537, 540 [190 P.2d 602].)    A motion for new trial is recognized to be a matter collateral to the judgment and the trial court retains jurisdiction to hear and determine a motion for new trial after an appeal has been taken from the judgment. (*City of Vallejo* v. *Superior Court,* 199 Cal. 408 [249 P. 1084, 48 A.L.R. 610] ; *Estate of Waters,* 181 Cal. 584, 585, 588 [185 P. 951].) It is not inconsistent nor improper to file both a notice of appeal and a motion for a new trial. The time limit prescribed by law for each of these motions is jurisdictional. (Code Civ. Proc. § 936 ; rules 2, 3, Rules on Appeal.)    If the motion for new trial be granted the judgment is vacated and the appeal therefrom becomes ineffective. (*Lantz* v. *Vai,* 199 Cal. 190 [248 P. 665].) An appeal may of course be taken from the order granting a new trial (Code Civ. Proc. § 963, subd. 2).    When the court denies a motion for new trial and, as authorized by section 662 of the Code of Civil Procedure, enters a substantially modified judgment, that judgment becomes the final judgment of that court and the appeal from the prior judgment becomes ineffective. The conclusion reached in *Rutledge* v. *Rutledge, supra,* 119 Cal.App.2d 112, 113, appears to be in accordance with the intended purpose of section 662 and is approved. Anything to the contrary in *Wagner* v. *Shapona, supra,* 123 Cal.App.2d 451, 464, is disapproved. The appeal from the judgment of April 20, 1955, is therefore nonoperative. The appeal from the judgment of June 10, 1955, entered pursuant to the court's powers under section 662 in ruling on the motion for new trial, is properly before us.

   The defendant urges that the judgment embraces an issue upon which there was neither pleading nor proof at the trial, and that under principles of due process he is entitled to a jury trial on the issue of fee simple title and on various affirmative defenses including estoppel, mutual boundary agreement and adverse possession. A review of the record indicates that the original pleadings raise the general issue that the defendant was interfering or threatening to interfere with the plaintiffs' "property rights, easements and rights of way described in paragraph IV" of the complaint. While paragraph IV refers specifically to the rights of the parties in vacated Bard Street, there was evidence before the court upon which it could adjudicate the rights of the parties in vacated Oak Street. There was also evidence upon which findings adverse to the defendant could be made on the affirma-

tive defenses of estoppel, mutual boundary agreement and adverse possession asserted on this appeal. It does not appear that the proceedings should be reopened for the taking of further evidence on these issues.

The plaintiffs' deed was in evidence and the determination whether by its terms a fee simple title or an easement was conveyed to the plaintiffs was properly before the court.

█ The transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant. (Civ. Code, § 1112; *Moody* v. *Palmer,* 50 Cal. 31.) In case of doubt, the deed must be construed in favor of the grantee. (Civ. Code, § 1069.) █ It is the general rule that it will be presumed that where property is sold by reference to a recorded map the grantee takes to the center of the street or streets shown on the map as bounding the property, even though the streets shown therein appear to have been vacated or abandoned or the deed itself refers to the streets as having been vacated or abandoned. The presumption continues to apply in the absence of a clear expression in the deed not to convey title to the center line. (*Anderson* v. *Citizens Sav. etc. Co.,* 185 Cal. 386 [197 P. 113] ; *Pinsky* v. *Sloat,* 130 Cal.App.2d 579 [279 P.2d 584].) █ Here the reference in the deed to "matters of record" is sufficient to give constructive notice of the vacation of the public easements in the streets shown on the map. However, it is not sufficient, of itself, to indicate that the grantor intended to convey title only to the side and not to the center line of those streets.

█ An ambiguity may be said to appear on the face of the deed as to the intention of the grantor by reason of the express conveyance of title to the vacated alley, and the failure to expressly convey title to the vacated streets. Evidence of the circumstances under which the agreement was made could be considered by the court in determining this ambiguity and parol evidence was admissible for that purpose.

█ There was evidence as to the appearance of Bard as a public street and as to the use made of both Bard and Oak Streets for access to the plaintiffs' property. This evidence would support the determination that the presumption should apply that the grantor intended to convey title to the center of the street, and that the grantor and those claiming through him should be estopped to claim otherwise.

█ In determining the intent of the parties, consideration

may be given not only to actual uses being made at the time of the grant, but also to such uses as the facts and circumstances show were within the reasonable contemplation of the parties at the time of the conveyance. (*Fristoe* v. *Drapeau,* 35 Cal.2d 5, 10 [215 P.2d 729].) ■■■ It was reasonable to conclude that the grantor intended that the fee title should pass to the center of the street and as appurtenant thereto that there should pass to the plaintiffs easements in these streets for use as private ways. (*Danielson* v. *Sykes,* 157 Cal. 686 [109 P. 87, 28 L.R.A. N.S. 1024]; *Prescott* v. *Edwards,* 117 Cal. 298 [49 P. 178, 59 Am.St.Rep. 186]; *Day* v. *Robison,* 131 Cal.App.2d 622, 624 [281 P.2d 13].)

The amendments ordered and made by the court were therefore within the general issues framed by the pleadings and the proof, and the adjudication of fee title was properly made without reopening the proceedings for further evidence.

One further question remains to be considered. That is the applicability of section 812 of the Civil Code. This section, enacted in 1949, provides: "The vacation or abandonment, pursuant to law, of streets . . . shall extinguish all private easements therein claimed by reason of the purchase of any lot by reference to a map or plat upon which such streets . . . are shown, other than a private easement necessary for the purpose of ingress and egress to any such lot from or to a public street . . . except as to any person claiming such easement who, within two years from the effective date of such vacation or abandonment or within two years from the date of the enactment of this section, whichever is later, shall have recorded in the office of the recorder of the county . . . a verified notice of his claim to such easement. . . ." It is not disputed that the plaintiffs did not file a verified claim to a private easement in either vacated Bard Street or vacated Oak Street. The court concluded, insofar as the plaintiffs' easement in vacated Bard Street was concerned, that it came within the exception stated in section 812 but also concluded that if the section were given retroactive effect and be deemed applicable to any easement theretofore vested in the plaintiffs it was void in contravention of a vested right and an impairment of a contract right as prohibited by sections 13 and 16 of article I of the state Constitution.

■■■ The rule has always been that although the public use ceases on the vacation of a public street, rights acquired by grant or otherwise by an abutting owner to a private easement in such streets are not affected. (See *Danielson* v. *Sykes,*

*supra,* 157 Cal. 686; *Leverone* v. *Weakley,* 155 Cal. 395 [101 P. 304]; *Severo* v. *Pacheco,* 75 Cal.App.2d 30 [170 P.2d 40]; *Cohn* v. *San Pedro etc. R. R. Co.,* 103 Cal.App. 496, 501 [284 P. 1051]; 39 C.J.S., p. 1064; 150 A.L.R. 652.) No relinquishment of the private easements in these streets by the plaintiffs or their grantor was shown, and the private rights of these parties therefore continued. Section 812 obviously is not designed nor could it be applied to divest the plaintiffs of their fee title to one-half of vacated Bard Street or to one-half of vacated Oak Street. The easements enjoyed by the plaintiffs in the one-half of these vacated streets owned by the defendant are not only necessary to their use of their property, and so come within the exception stated in section 812, they are also private easements appurtenant to their property of which they could not be divested except by purchase or agreement or by compensation from the sovereign. The trial court properly refused to hold that the noncompliance by the plaintiffs with the recording provisions of section 812 divested them of their rights in these vacated streets and the section is not applicable to them under the circumstances here shown.

The appeal from the judgment of April 20, 1955, is dismissed. The judgment of June 10, 1955, is affirmed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.