[Civ. No. 6336.   Fourth Dist.   Jan. 10, 1961.]

CITY OF REDLANDS, Respondent, v. LEIGH W.
NICKERSON et al., Appellants.

Surr & Hellyer and Robert J. Bierschbach for Appellants.

Edward F. Taylor, City Attorney, for Respondent.

COUGHLIN, J.—This is an appeal from a judgment in a quiet title action. Two purported judgments were entered; one on June 1, 1959; and the other, bearing the title "Amended Judgment," on July 13, 1959. The appeal is from the latter. The respondent, city of Redlands, contends that the controlling judgment is that entered on June 1, 1959; that the notice of appeal herein was filed 101 days after entry of that judgment, which, therefore, has become final; that there may be only one judgment in an action; that the amended judgment is a nullity; and the appeal from the amended judgment should be dismissed.

The appellants Nickerson and Burns contend that the first judgment is a nullity, because it does not contain any description of the real property which is the subject of its adjudication; that the amended judgment is the only judgment in the action; and that their appeal therefrom, being taken in due time, should not be dismissed.

The judgment of June 1, 1959, does not contain any description of the real property, the title to which it purports to quiet in respondent. There is an ambiguous reference therein to "the said title of the said plaintiff in and to the said real property," but what "title" or what "real property" is referred to is merely conjecture. There is an additional provision respecting the rights and obligations of the parties with reference to certain numbered parcels in "Plaintiff's Exhibit 7" which, apparently, is an exhibit introduced in evidence, although the reference thereto does not so indicate. Plaintiff's

Exhibit Number 7 in evidence is a drawing of what appears to be parcels of real property; it does not appear therefrom in what city, county or state the property is located; and what purports to be a metes and bounds description is wholly inadequate because no established point of beginning is located and, although distances are indicated thereon, no courses are shown.

A purported description in a judgment affecting real property which is no description at all renders the judgment void. (*Newport* v. *Hatton,* 195 Cal. 132, 156 [231 P. 987].) Tested by rules of evidence ordinarily applied to the subject, the attempted description in question is the equivalent of no description and renders the judgment of June 1, 1959, void on its face. Such a judgment "is a nullity and may be ignored." (*Olivera* v. *Grace,* 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328].) This conclusion leaves for determination the merits of this appeal.

In December 1941 the city of Redlands owned a rectangular-shaped parcel of real property bounded on the north by West Central Avenue, also known as United States Highway 99, on the west by Texas Street and on the south by West State Street. An unpaved, undedicated roadway extended diagonally over the southwesterly part of this property which was used by automobiles in crossing to and from West State Street and Texas Street at its intersection by West Central Avenue. On December 18, 1941, the city of Redlands and appellant Leigh Nickerson executed escrow instructions respecting the sale and purchase of an odd-shaped segment of this property, one side of which was adjacent to the aforesaid undedicated roadway. The property to be sold was described by metes and bounds. As a result of prior negotiations, it was understood that the city would dedicate and pave the diagonal roadway as a new street. Among other things the escrow agreement provided:

"As a matter of record only, it is further understood and agreed that said property is to abut on streets on all sides except on the East side of said property and that the West side street is to be oil paved by the City of Redlands to the property line."

Nickerson intended to use the property as a site for an automobile service station. The parcel to be acquired by Nickerson, as described by metes and bounds, did not include a triangular shaped portion of the city's property adjoining Texas and West State Streets at their intersection. The exclusion of this triangle from the total property owned by the city

would leave the remaining property, which was being acquired by Nickerson, with frontage on West Central Avenue, or United States Highway 99, on West State Street, and on the proposed new diagonal. An 80-foot strip along the north-easterly boundary of this triangle was to be used for the new diagonal street, which would constitute an abutting thorough-fare on the west side of the property sold to Nickerson and the east side of the remaining city property. The city property so abutting upon the new street was a small triangle, in dimension approximately 29 feet by 28 feet by 46 feet. By resolution adopted on January 7, 1942, the city dedicated the 80-foot strip for street purposes. On January 9, 1942, the sale to Nickerson was culminated by the execution of a deed which described the property conveyed by metes and bounds; using the same description as that contained in the escrow instructions. Nowhere in this description is the new diagonal street used or referred to as a boundary. Thereafter a service station was built, as planned. In 1956 the city determined that the continued use of the diagonal was dangerous and caused it to be vacated. The ordinance initiating closure proceedings recited that the street was located ''on property owned in fee by the City.'' After closure, the city left two driveways into the service station; each approximately 50 feet in width; one opening from West State Street and one from Texas Street. Thereafter the city undertook to sell the small triangle together with the property adjoining it which formerly had been occupied by the diagonal street. The appellants contest the city's claim to the latter property. In this action to quiet title the court found in favor of the city and appellants appeal from the judgment entered in accord with this finding, contending (1) that their deed from the city created a presumption of ownership to the center of the diagonal street; (2) that this presumption has not been overcome; (3) that the court erred in admitting evidence of acts by them which were inconsistent with their claim of ownership; and (4) that they are entitled to the fee of the entire property formerly occupied by this street under the ''marginal streets'' doctrine.

Although the judgment herein quiets title in the city to the parcel of land in question, it affirms the right of appellants to use the two driveways across the same, viz., from Texas Street and from West State Street, as easements of ingress and egress.

In support of their position appellants rely upon the provisions of section 831 of the Civil Code that: ''An owner of land bounded by a road or street is presumed to own to the center

of the way, but the contrary may be shown"; upon the provisions of section 1112 of the same code, which are set forth hereinafter; and upon the decision in the early case of *Moody* v. *Palmer,* 50 Cal. 31, 36 where the court said:

"It is well settled that land described in a deed as bounded by a public highway or street, will be considered as extending to the centre of the street or highway, unless it clearly appears that it was intended to make a side line instead of the centre line the boundary. The highway is a monument, and in legal contemplation the thread of the highway is the monument, unless a contrary intention clearly appears."

This decision has been followed whenever the land in a controversy has been described in a deed as bounded by a street. (*Webber* v. *California & Oregon R.R. Co.,* 51 Cal. 425; *Alameda Macadamizing Co.* v. *Williams,* 70 Cal. 534, 540 [12 P. 530]; *Watkins* v. *Lynch,* 71 Cal. 21, 27 [11 P. 808]; *cf. Joens* v. *Baumbach,* 193 Cal. 567, 571 [226 P. 400].) In substance, the courts have applied to the factual situations presented in the cited cases the presumption defined by section 1112 of the Civil Code which provides that:

"A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." (*Weyl* v. *Sonoma Valley R.R. Co.,* 69 Cal. 202, 206 [10 P. 510]; *Thorpe* v. *Los Angeles Gas & Elec. Corp.,* 115 Cal.App. 201, 205 [1 P.2d 37]; *Almaden Vineyards Corp.* v. *Arnerich,* 21 Cal.App.2d 701, 705 [70 P.2d 243]; *Pinsky* v. *Sloat,* 130 Cal.App.2d 579, 585 [279 P.2d 584].) The rule thus announced and followed has been extended to land described in a deed by reference to a map which shows the land to be bounded by a street. (*Freelon* v. *Adrian,* 161 Cal. 13, 19 [118 P. 220]; *Anderson* v. *Citizens Sav. etc. Co.,* 185 Cal. 386, 393 [197 P. 113]; *Brown* v. *Bachelder,* 214 Cal. 753, 756 [7 P.2d 1027]; *Gramer* v. *City of Sacramento,* 2 Cal. 2d 432, 438 [41 P.2d 543]; *Allan* v. *City & County of San Francisco,* 7 Cal.2d 642, 646 [61 P.2d 1175]; *Neff* v. *Ernst,* 48 Cal.2d 628, 635 [311 P.2d 849]; *Severo* v. *Pacheco,* 75 Cal. App.2d 30, 35 [170 P.2d 40]; *Pinsky* v. *Sloat, supra,* 130 Cal. App.2d 579, 582.) ▮ It is clear, however, that the presumption provided by section 1112 of the Civil Code applies only to a deed using a description which either directly or indirectly refers to the street as a boundary. (*Thorpe* v. *Los Angeles Gas & Elec. Corp., supra,* 115 Cal.App. 201, 205.) It is only under these circumstances that "the thread of the

highway" is a monument basic to the description used in conveying the property involved. (*Moody* v. *Palmer, supra,* 50 Cal. 31, 36.) ▮ In those instances where the rule is applicable, it permits a rebuttal of the presumption, that land described as bounded by a street extends to the center thereof, only when a different intent or an ambiguity with respect thereto appears on the face of the deed. (*Neff* v. *Ernst, supra,* 48 Cal.2d 628, 635; *Joens* v. *Baumbach, supra,* 193 Cal. 567, 571; *Moody* v. *Palmer, supra,* 50 Cal. 31, 37; *Pinsky* v. *Sloat, supra,* 130 Cal.App.2d 579, 585.) ▮ The description in a deed, even though indicating that the land therein conveyed is bounded by a street, by the use of other language may rebut the presumption that the parties thereto intended that such land should extend to the center of that street. *Warden* v. *South Pasadena Realty & Imp. Co.,* 178 Cal. 440, 442 [174 P. 26]; *Berton* v. *All Persons,* 176 Cal. 610, 614 [170 P. 151]; *Severy* v. *Central Pacific R.R. Co.,* 51 Cal. 194, 197; *cf. Alameda Macadamizing Co.* v. *Williams, supra,* 70 Cal. 534, 540.)

▮ Where an ambiguity appears on the face of the deed, parol evidence is admissible to determine the issue involved. (*Neff* v. *Ernst, supra,* 48 Cal.2d 628, 635; *Joens* v. *Baumbach, supra,* 193 Cal. 567, 571.)

Appellants argue that, as the land conveyed to them was bounded by the diagonal street, the presumption that such land extended to the center of that street applies; that this presumption may be rebutted only by a contrary intent expressed in their deed; and that the description by metes and bounds contained therein did not indicate such a contrary intent. These contentions are without merit. ▮ The deed under consideration in this case did not describe the property conveyed as bounded by the diagonal street. The description used therein was confined strictly to metes and bounds. The rule prescribed by section 1112 of the Civil Code is not applicable. Upon its face the deed conveys a parcel of real property exclusive of and unrelated to the diagonal street. ▮ Only by the presentation of extrinsic evidence is the fact established that one side of this parcel abuts upon the street in question. Upon this showing, by virtue of the provisions of section 831 of the Civil Code, the claimant, as owner of the abutting property, is presumed to own to the center of the street. However, this presumption may be rebutted because the same code section provides that "the contrary may be shown." ▮ In substance, the law writes

into every deed of property conveyed by a metes and bounds description, but actually bounded by a street, a presumed intention that such description includes the underlying fee to the center of that street, but authorizes a showing that the parties thereto did not so intend. To this extent such a deed is the subject of interpretation. The issue presented is equivalent to that presented by a deed which is ambiguous on its face. In such instances, the intention of the parties is the determinative factor. (*Neff* v. *Ernst, supra,* 48 Cal.2d 628, 635; *Severy* v. *Central Pacific R.R. Co., supra,* 51 Cal. 194, 197; *Merchant* v. *Grant,* 26 Cal.App. 485, 490 [147 P. 484].) This intention may be proven by extrinsic evidence. (*Neff* v. *Ernst, supra,* 48 Cal.2d 628, 635; *Merchant* v. *Grant, supra,* 26 Cal. App. 485, 490.) ▮ The use of a metes and bounds description, of itself, does not foreclose a determination that the parties intended to convey the underlying fee to the center of an abutting street. (*Merchant* v. *Grant, supra,* 26 Cal.App. 485, 489.) However, the use of such a description is a fact which may be considered in determining the intention of the parties (*Berton* v. *All Persons, supra,* 176 Cal. 610, 614); may support an inference that their intention was to limit the conveyance to the property actually conveyed (*Brown* v. *Bachelder, supra,* 214 Cal. 753, 756; *Joens* v. *Baumbach, supra,* 193 Cal. 567, 571; *Berton* v. *All Persons, supra,* 176 Cal. 610, 614); and has been recognized as one of the ways in which the presumption in question may be rebutted. (*Machado* v. *Title Guarantee & T. Co.,* 15 Cal.2d 180, 185 [99 P.2d 245]; *Joens* v. *Baumbach, supra,* 193 Cal. 567, 571.)

▮ In the case at bar the court found that the parties to the deed of January 9, 1942, did not intend that the description therein contained should include the underlying fee in the diagonal street. If there is any evidence, either direct or indirect, contradicted or uncontradicted, which supports this finding it must be sustained on appeal (*Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]); and it will be presumed that the trial court drew every inference reasonably deducible from the evidence which supports that finding. (*Wilbur* v. *Wilbur,* 197 Cal. 1, 7 [239 P. 332].) ▮ Judged by these rules, it appears that Nickerson agreed to purchase certain property from the city, describing it by metes and bounds, before the diagonal street had been dedicated; the city agreed to dedicate and pave that street, as owner thereof; there was no agreement that the property to be conveyed should include any part of

the strip eventually dedicated as a street; and the deed in question was executed after the street had been dedicated, but the description used therein did not refer thereto, although it did refer to West Central Avenue and to West State Street. The westerly boundary of the property conveyed, which abuts the diagonal, as described in the deed, commenced at a point on the northerly line of West State Street 208 feet distant from the point where the easterly boundary line of the property intersects the northerly line of West State Street, and proceeded "North 37 degrees 34 minutes West 231.80 feet to a point on the Southerly line of West Central Avenue"; it may be inferred that such a grant "conveys the given number of feet of land which is set apart for private use and occupancy," viz., 208 feet along West State Street (*Joens* v. *Baumbach, supra,* 193 Cal. 567, 571) ; and thus would exclude any part of the land occupied by the diagonal street. The reference in the deed to West Central Avenue and West State Street were of that type which does not include a conveyance to the center of the street, viz., "thence *along said Northerly line* of West State Street" and "to a point on the Southerly line of West Central Avenue (U.S. Highway '99') thence on a curve to the right *along said Southerly line. . . .*" (Emphasis added.) (*Warden* v. *South Pasadena Realty & Imp. Co., supra,* 178 Cal. 440, 442; *Berton* v. *All Persons, supra,* 176 Cal. 610, 614; *Severy* v. *Central Pacific R.R. Co., supra,* 51 Cal. 194, 197.)

The city did not dedicate the whole of the property retained by it as a street, and it is reasonable to infer that it did not intend to transfer to Nickerson one-half of the underlying fee in that street and retain only the other one-half as an adjunct to the small triangle not used for street purposes.

The defendant Nickerson testified that "at the time the deed was drawn up," it was not his understanding that he "would own the ground underneath the paved street." The ordinance adopted by the city in 1956 declaring its intention to undertake proceedings for the purpose of vacating the street recited that the street was "on property owned in fee" by it, and there is no evidence in the record that the appellants contested the truth of this recital although there is evidence that later they attempted to purchase the property now claimed by the city, including that part of the street which they contend was conveyed to them. The practical construction placed upon the deed by the parties, as evidenced by their conduct in relation to the property involved, is proof of their intention with respect to the extent of the conveyance made thereby.

(*Gramer* v. *City of Sacramento, supra*, 2 Cal.2d 432, 440; *Joens* v. *Baumbach, supra*, 193 Cal. 567, 571; *Fresno Irr. Dist.* v. *Smith*, 58 Cal.App.2d 48, 58 [136 P.2d 382].) The foregoing factual recital fully supports the finding of the trial court which sustains its conclusion that the presumption imposed by section 831 of the Civil Code had been rebutted.

The defendants' objection to the testimony respecting the conduct of the parties with relation to the property is not well taken. As heretofore noted, such evidence is material and admissible. Likewise, the contention that the court used the date of the escrow rather than the date of the deed in making its determination is without merit. The intention of the parties as expressed in their escrow agreement was material to a determination of their intention at the time of the execution of the deed.

The further contention of appellants that they are entitled to the whole of the property included within the diagonal under the ''marginal street'' doctrine is without factual support. The theory relied upon is stated in 11 Corpus Juris Secundum 586 as follows:

''The grant of land adjoining a street or highway which has been made wholly from, and upon the margin of, the grantor's land is deemed to comprehend the fee in the whole of the street.''

Obviously the rule does not apply where the grantor's property is bisected by a street. The city of Redlands never conveyed the small triangle to appellants. The claim that this triangle is so insignificant in size that it should be disregarded has no basis in law. The marginal street rule does not apply to the facts of this case.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.