[Civ. No. 28327.   Second Dist., Div. One.   Feb. 2, 1965.]

ANNA M. WAGNER, Plaintiff and Respondent, v. MARION RIORDAN CHAMBERS et al., Defendants and Appellants.

Fadem & Graves, Jerrold A. Fadem, Charles F. Christopher, Harold E. Prudhon, George D. Sphier and Gideon Kanner for Defendants and Appellants.

Walker, Wright, Tyler & Ward and W. A. Caldecott for Plaintiff and Respondent.

LILLIE, J.—This is an appeal by defendants from an adverse judgment in a quiet title action. The subject of the controversy, a parcel of land 60 feet wide on South Vermont Avenue in Los Angeles (referred to hereinafter as the "subject property"), was once burdened with an easement for a rail-

road right of way now abandoned. Since there was a right of reverter upon nonuse, ownership of the underlying fee to the abandoned right of way was the paramount issue for determination below.[1]

Defendants are the purchasers of lots in Tract 4438 situated on the west side of Vermont Avenue between Manchester Avenue and 83rd Street; plaintiff is a descendant in interest from the common grantor, title to the subject property being vested in her under the probate decree which distributed her husband's estate following his death in 1934. As owners of land assertedly adjacent to the right of way, defendants claim an interest in the latter to the extent and for the reasons presently to be discussed. A sketch of the general area is reproduced herein. [See following page.]

There was evidence of the following facts: Plaintiff's predecessors in interest were originally the owners of a 35-acre parcel of land in the area portrayed by the sketch, the east line of which vertically bisected what is now know as Vermont Avenue (easterly), some 60 feet wide and then carrying both north and south bound traffic. The westerly 30 feet of Vermont (easterly), constituting the easterly 30 feet of the 35-acre parcel, was (and remains) dedicated as an easement for such thoroughfare. Immediately to the west of the "westerly 30 feet of Vermont (easterly)" lies the subject property over which, by an instrument dated July 27, 1901, plaintiff's predecessors granted an easement for railway purposes to the California Pacific Railway, succeeded in due time (as indicated on the sketch) by Los Angeles Railway. In 1912 plaintiff's predecessors subdivided the portion of the 35-acre parcel lying west of the subject property and recorded a map thereof as Tract 1843. Shown as a part of such tract and dedicated to public use was 50 feet adjacent on the west to the subject property; some time after 1921 the above 50 feet was improved for street purposes and is now known as Vermont (westerly). The trial court found, and it is emphasized on appeal, that the tract map did not show the subject property as a part of Tract 1843; rather, it depicted the subject right of way, after describing it as the "Private Right of Way of Los Angeles Railroad Company," as lying easterly of said tract but adjacent and contiguous to Vermont (westerly).

---

[1]Approximately three months prior to the institution of the present proceeding, plaintiff commenced an action against the City of Los Angeles and others, her complaint being captioned ''To Quiet Title [and] For the Recovery of Compensation Taken under Inverse Condemnation,'' such relief as to defendant city being in the alternative.

In 1913, no conveyances having been made in the interim of any lots shown on Tract Map 1843, those portions of that tract not included in streets were resubdivided as Tract 2439. The map evidencing such resubdivision likewise did not show the subject property as a part of the tract; too, the description of

Fig. 3—A sketch of Tract 4438 ("Being a resubdivision. of lots B, C, D, E, F and·G, and a portion of lots A and H of Tract No. 2439") taken from Pltf. Ex. 1, Clk. Tr. p. 16 and the findings of the court. The "colored borderlines" are indicated by the heavy lines.

the private right of way and the depiction thereof as lying east of Vermont (westerly) conform to the description and depiction found in the predecessor map (1843). The same is true of Tract Map 4438, recorded in October of 1921 following a resubdivision of Tract 2439; again, it appears, there were no sales or conveyances during the interim between the two resubdivisions.

Defendants base their claims upon deeds, by mesne conveyance or otherwise, from plaintiff's husband and recorded in December of 1921, or from plaintiff herself and recorded in 1949. All such deeds, of course, refer only to lots (or portions thereof) in Tract 4438.

█ Although the trial court expressly found that the subject property was not used as a boundary in any of the above deeds or recorded tract maps, appellants again invoke the ''marginal monument'' rule, referred to in *City of Redlands* v. *Nickerson,* 188 Cal.App.2d 118, 128 [10 Cal.Rptr. 431], as the '' 'marginal street' doctrine.'' █ That case quotes the statement of the rule found in 11 Corpus Juris Secundum 586: ''The grant of land adjoining a street or highway which has been made wholly from, and upon the margin of, the grantor's land is deemed to comprehend the fee in the whole of the street.'' █ Although the trial court also expressly found that appellants were not aided by the presumptions declared in sections 831 and 1112 of the Civil Code and section 2077, subdivision 4, Code of Civil Procedure, reliance is again placed by appellants on the provisions thereof, it being contended that such provisions require the application of the principle underlying the rule just stated. Section 831 provides that ''An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown.'' Section 1112 states that ''A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant.'' Finally, section 2077, subdivision 4 reads: ''The following are the rules for construing the descriptive part of a conveyance of real property, when the construction is doubtful and there are no other sufficient circumstances to determine it: ... 4. When a road, or stream of water not navigable, is the boundary, the rights of the grantor to the middle of the road or the thread of the stream are included in the conveyance, except where the road or thread of the stream is held under another title.''

We are persuaded that the rule or doctrine in question, as well as the statutes above, are of no assistance to appellants under the circumstances at bar. ██ In *Freeman* v. *Bellegarde,* 108 Cal. 179, 184 [41 P. 289, 49 Am. St. Rep. 76], it is pointed out that the monument rule is an aid to construction; thus, "In the absence of any qualifying term the designation in a conveyance of any physical object or monument *as a boundary* implies the middle or central point of such *boundary*; as, for example, if the boundary be a road or highway, or a stream, the thread of the road or stream will be intended; . . ." (Italics added.) ██ Assuming, *arguendo*, that the instant right of way could be considered a monument within contemplation of the rule under discussion, the plain fact is that it abutted not upon the land conveyed but upon an intervening street, namely, Vermont Avenue (westerly). Such, indeed, was the situation in *City of Redlands* v. *Nickerson, supra,* 188 Cal.App.2d 118, where the grantor's property was bisected by a street. "Obviously," said the court, "the rule does not apply" (p. 128) under such a set of facts.

██ That the right of way did not abut upon the land conveyed is clearly borne out by the governing tract map (4438), a sketch of which appears *supra.* Also borne out by the same map is the fact that the easterly edge of each block represents the easterly edge of the subdivision. In *Sanchez* v. *Grace M. E. Church,* 114 Cal. 295 [46 P. 2], it was held that no portion of an abutting street passes with the conveyance unless it is shown as a portion of the subdivision. The *Sanchez* case was later distinguished in *Anderson* v. *Citizens Sav. etc. Co.,* 185 Cal. 386, 396 [197 P. 113], where both of the abutting streets were actually parts of the subdivided tract—such distinction is subsequently mentioned in *Pinsky* v. *Sloat,* 130 Cal.App.2d 579, 585 [279 P.2d 584]. ██ Of importance, therefore, is the theory by which title to half of a street passes where the conveyance uses only the designation of a lot: "Putting it in another way, the fee in the half of the street upon which the lot abuts is in fact part of the lot, so that a conveyance of the lot conveys the fee in the street as a part of it." (*Anderson* v. *Citizens Sav. etc. Co., supra,* p. 393.)

██ Since the depth of appellants' lots, as depicted on the map, is 110 feet, the construction given by their definition of "lot" would add at least another 110 feet thereto, namely the 50 feet of Vermont (westerly) and the 60 feet embracing the subject property. We agree with respondent that such

a construction, putting aside the decisional law above mentioned, is unreasonable on its face.[2]

But, say appellants, the effect of the judgment appealed from is to create a strip or gore.[3] Asserting that the law favors a construction of instruments which avoids such a situation, appellants quote from *Anderson* v. *Citizens Sav. etc. Co., supra,* p. 395: " 'The evils resulting from the retention in remote dedicators of the fee in  gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases. . . .' " Also quoted is the following from *Merchant* v. *Grant,* 26 Cal.App. 485, 490 [147 P. 484] : "It would seem to us to be unreasonable to hold that the grantors of Van Alen intended to retain in themselves the ownership of the land included in the highway which could have been of no possible use to them and might result to the serious injury of their grantee. All the circumstances and facts are opposed to any such presumption." The statement from *Anderson* appears to be dictum and is hardly a guideline; the quotation from *Merchant* is more germane to our case. As declared in *Anderson,* the " [f]inal question after all is one as to the intention of the parties" (p. 394), specifically whether the grantors intended to retain in themselves the ownership of the subject land.

Such intent may be established by oral declarations (*Whitlow* v. *Durst,* 20 Cal.2d 523, 524-525 [127 P.2d 530]) ; although the preamble to the trial court's findings recites that evidence "both oral and documentary" was received, appellants elected to come up on a clerk's transcript alone, under which method, of course, no evidence is before this court.

"It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the

---

[2]It would be even more unreasonable (the total extension thus being 140 feet) if, as represented to the court, appellants would claim an interest in the 30 feet lying easterly of the right of way upon any abandonment by the city of the easterly segment of Vermont Avenue.

[3]The subject "strip" is approximately 1,000 feet in length and has street access from both sides. It seems, therefore, to be much larger than the triangular parcel in *City of Redlands* v. *Nickerson, supra,* 188 Cal.App.2d 118, 128, which, it was held, did not pass.

pleadings and whether the findings support the judgment." (*Kompf* v. *Morrison*, 73 Cal.App.2d 284, 286 [166 P.2d 350].) To avoid the effect of this rule, and following reference in respondent's brief to the portion of the preamble just quoted, appellants moved this court (after the filing of their closing brief) to augment the record "to demonstrate that the Findings of Fact were not based upon oral testimony but instead were based entirely upon stipulated facts. . . ." It appearing that all parties to this appeal, through present counsel, had previously and expressly waived the right to a reporter's transcript, such motion was denied. ▮ In that connection, *Kuhn* v. *Ferry & Hensler*, 87 Cal.App.2d 812, 815 [197 P.2d 792], is not determinative; what is determinative is the declaration in *Estate of Larson*, 92 Cal.App.2d 267, 269 [206 P.2d 852], that a "motion to 'augment' cannot be used to create a record. Its function is to supplement an incomplete but existing record."

▮ For all of the above reasons, therefore, it is apparent that the instant appeal lacks merit. We shall not, in view of such conclusion, discuss certain non-California cases, pro and con, which are analyzed in the briefs.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied February 25, 1965, and appellants' petition for a hearing by the Supreme Court was denied March 31, 1965. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.